# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WOODSTOCK VENTURES LC, and THE WOODSTOCK CANNABIS COMPANY, LLC,<br><br>*Plaintiffs/Counterclaim Defendants*,<br><br>v.<br><br>WOODSTOCK ROOTS, LLC; WOODSTOCK PRODUCTS COMPANY INTERNATIONAL, LLC d/b/a WOODSTOCK AMERICAN PRODUCTS; WOODSTOCK CANNABIS COMPANY, LLC; AXCENTRIA PHARMACEUTICALS LLC; CHET-5 BROADCASTING, LP; and GARY CHETKOF,<br><br>*Defendants/Counterclaim Plaintiffs.* | Case No. 18-cv-1840 (RWS) |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE EXPERT DECLARATION AND PRECLUDE ANTICIPATED TESTIMONY OF PROFESSOR BARTON BEEBE

Jonathan D. Reichman
Shawn Patrick Regan
Jonathan W. Thomas
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, New York 10166
Tel.: (212) 309-1000
Email: JReichman@HuntonAK.com
Email: SRegan@HuntonAK.com
Email: JThomas@HuntonAK.com

*Attorneys for Plaintiffs/
Counterclaim Defendants*

Plaintiffs Woodstock Ventures LC and The Woodstock Cannabis Company LLC, by and through their undersigned counsel, respectfully move the Court to strike the expert declaration and supporting expert report of Professor Barton Beebe (*see* ECF No. 63[1]) and to preclude anticipated testimony of Professor Beebe at the preliminary injunction hearing in this matter. Professor Beebe's declaration and expert report fail to present proper expert opinions pursuant to FED. R. EVID. 702 and therefore should be excluded as irrelevant under FED. R. EVID. 402 and 403.

## INTRODUCTION

The crux of this dispute is which parties have priority of right to use the trademark WOODSTOCK in conjunction with cannabis and cannabis related products. Plaintiffs have asserted—and will prove—actual priority back to 2016 based upon earlier usage of the trademark in commerce for cannabis as well as even earlier priority back to 1969 based upon Plaintiffs' natural zone of expansion. Defendants commenced later usage of the trademark in 2017 for cannabis (which led to Plaintiffs bringing this suit), and attempt to claim earlier priority back to 2013 based upon their asserted zone of natural expansion. The parties dispute each other's priority of rights and zones of natural expansion.

In support of their position, for the first time in reply to their preliminary injunction motion, Defendants present the expert declaration and report of Professor Beebe. Professor Beebe is an intellectual property law professor that provides his legal analysis regarding the parties' respective trademark rights. His entire declaration and expert report constitute nothing more than legal argument going to the ultimate legal issue of priority of rights. For example,

---

[1] Due to the size of Professor Beebe's Declaration (1,134 pages including exhibits) Plaintiffs have refrained from refiling the Declaration with these motion papers. Plaintiffs will be glad to file the Declaration, or provide another copy as a courtesy copy, if the Court prefers.

-2-

Professor Beebe's declaration summarizes his legal opinions as to Defendants' purported priority dates (¶4), their alleged zone of natural expansion (¶5), and ultimately his legal conclusion of Defendants' supposed priority of rights (¶11). *See* ECF No. 63. Professor Beebe's expert report fares no better, providing a legal brief (see pp. 19-36 of his report) that reiterates the same conclusory arguments of priority of rights. *See* ECF No. 63-1. Because Defendants' expert presents nothing more than legal argument, his anticipated testimony is improper under Fed. R. Evid. 702 and should be excluded. In addition, Professor Beebe bases his legal conclusions upon conclusory assumptions not based upon any analysis or methodology and therefore should be excluded under Fed. R. Evid. 702, 402 and 403.

## ARGUMENT

Fed. R. Evid. 702 "provides that expert testimony concerning technical or specialized knowledge is admissible to assist the trier of fact if [i] the testimony is based upon sufficient facts or data, [ii] the testimony is the product of reliable principles and methods, and [iii] the witness has applied the principles and methods reliably to the facts of the case." *In re Wireless Tel. Servs. Antitrust Litig.*, 385 F. Supp. 2d 403, 427 (S.D.N.Y. 2005) (*quoting* Fed. R. Evid. 702*).* "The focus [of the admissibility inquiry] ... must be solely on principles and methodology, not on the conclusions that they generate." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 595 (1993). "The proponent of expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence." *Aventis Envt'l Science USA LP v. Scotts Co.*, 383 F. Supp. 2d 488, 513 (S.D.N.Y. 2005).

An expert "may not give testimony stating ultimate legal conclusions based on [the] facts." *Liberty Media Corp. v. Vivendi Universal, S.A.*, 874 F. Supp. 2d 169, 172 (S.D.N.Y. 2012) (quoting *U.S. v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991)). This rule is so well

established that "every circuit has explicitly held that experts may not invade the court's province by testifying on issues of law." *In re Initial Public Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001) (citations omitted); *Marx & Co., Inc. v. Diners' Club, Inc.*, 550 F.2d 505, 509-10, 512 (2d Cir.), *cert. denied*, 434 U.S. 861 (1977) (citations omitted); *accord F.H. Krear & Co. v. Nineteen Named Trustees*, 810 F.2d 1250, 1256 (2d Cir. 1987) (expert witness not permitted to testify that contracts were unenforceable); *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) (expert testimony expressing a legal conclusion excluded).

Courts regularly exclude expert opinions that provide legal analysis of ultimate issues in trademark cases. *See e.g., Georgia-Pac. Consumer Prod. LP v. Kimberly-Clark Corp.*, No. 09 C 2263, 2010 WL 1334714, at *6 (N.D. Ill. Mar. 31, 2010) (excluding expert report that opined on ultimate issue of trademark functionality); *Ideal World Mktg., Inc. v. Duracell, Inc.*, 15 F. Supp. 2d 239, 244 n. 2 (E.D.N.Y. 1998) *aff'd*, 182 F.3d 900 (2d Cir. 1999) (rejecting trademark attorney's proposed expert opinion as to conceptual strength of trademark); *Motown Productions, Inc. v. Cacomm, Inc.*, 668 F. Supp. 285, 288 (S.D.N.Y. 1987) (same); *accord In re Fresh Del Monte Pineapples Antitrust Litigation*, No. 04MD1628-RMB-MHD, 2009 WL 3241401, at *13 (S.D.N.Y. Sept. 30, 2009); *Hygh v. Jacobs*, 961 F.2d 359, 363 (2d Cir. 1992) ("This circuit is in accord with other circuits in requiring exclusion of expert testimony that expresses a legal conclusion.")

Of particular relevance here, this court has previously excluded expert testimony that purported to provide legal conclusions as to priority of rights between the parties' respective trademarks:

> The Hanor Declaration purports to marshal the evidence and opines as to the legal significance of the evidence under domestic trademark law, urging the Court to reach certain legal conclusions, several of which touch upon the "ultimate issues" to be decided. (See generally Hanor Declaration.) This is an improper function for

>   an expert report and is plainly outside the scope of permissible expert testimony under Federal Rule of Evidence 702. … Because the Hanor Declaration is clearly a work of legal advocacy rather than an expert opinion on "technical[ ] or other specialized knowledge [which] will help the trier of fact to understand the evidence or to determine a fact in issue" (see Fed. R. Evid. 702), the Court declines to consider it.

*Vantone Grp. Ltd. Liab. Co . v. Yangpu NGT Indus. Co.*, No. 13CV7639-LTS-FM, 2016 WL 4098564, at *4 (S.D.N.Y. July 28, 2016) (excluding expert declaration that opined on priority of use of trademark). Here, Professor Beebe purports to opine on the ultimate issue in this case — priority of rights. *See* ECF No. 63 at ¶11 ("my opinion is that Woodstock Products is entitled to claim priority in the WOODSTOCK mark in connection with Smokers' Articles and related goods or services, including cannabis.") His expert report summarizes such opinions by walking through attorney argument on the law of priority of rights, constructive use, and the zone of natural expansion. *See* ECF No. 63-1 at pp. 7, 19-27. However, Professor Beebe's expert opinions are nothing more than legal opinions and therefore do not constitute expert testimony.

Even if Professor Beebe provided some level of expert opinion, he did not base such opinions on any reliable analysis or methodology to be admissible under Fed. R. Evid. 702. The Court should also exclude Professor Beebe's declaration and expert report because he bases his opinions and conclusions therein on unreliable speculation, not scientific methods and principles. As the Supreme Court has explained, "nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).

As discussed above, Professor Beebe opines on priority of rights. Essential to his conclusions, Professor Beebe opines that cannabis products are within Defendants' "zone of

-5-

natural expansion" to products covered by the '815 Registration and therefore should be entitled to claim constructive priority back to that registration priority date.  *See* ECF No. 63 at ¶5.  Professor Beebe's entire legal analysis relies on the conclusory assumption that cannabis and tobacco goods are related products.  *See generally*, ECF No. 63 at ¶¶5-13.  Yet, nowhere in Professor Beebe's declaration or expert report does he provide any analysis or methodology to reach his conclusion that cannabis is within Defendants' zone of natural expansion.  Professor Beebe does not conduct any surveys, cite to any market research or other consumer opinions, or *any evidence* to support such a conclusion.  And, as a law professor, Professor Beebe has is not qualified to opine on matters of consumer perception and relatedness of goods.  Professor Beebe is not a marketing expert.  Nor is he an expert in the cannabis field.  Put simply, not only are Professor Beebe's *ipse dixit* opinions and conclusions a far cry from satisfying Rule 702's reliability requirement, but also he is not qualified to opine on consumer perceptions and relatedness of goods within the cannabis industry.  *See, e.g.*, *Goldberg v. 401 North Wabash Venture LLC*, 2013 WL 212912, *6 (N.D. Ill., Jan. 18, 2013) (expert witness not qualified to testify about how reasonable purchase would react especially given the lack of any focus groups, surveys, or interviews of prospective buyers).

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that this motion to strike Professor Barton Beebe's expert declaration and exclude his expert testimony should be granted.

-6-

Dated: October 31, 2018
      New York, New York

Respectfully submitted,

*/s/ Jonathan D. Reichman*
Jonathan D. Reichman
Shawn Patrick Regan
Jonathan W. Thomas
HUNTON ANDREWS KURTH LLP
200 Park Avenue
New York, New York 10166
Tel.: (212) 309-1000
Email: JReichman@HuntonAK.com
Email: SRegan@HuntonAK.com
Email: JThomas@HuntonAK.com

Edward T. Colbert
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, DC 20037
Tel: (202) 955-1500
Email: EColbert@HuntonAK.com

*Attorneys for Plaintiffs/*
*Counterclaim Defendants*

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on October 31, 2018, I served a true and correct copy of the foregoing document, titled *Plaintiffs' Motion to Strike Expert Declaration and Anticipated Expert Testimony of Professor Barton Beebe*, via ECF, which will transmit electronic notification of such filing to the following counsel of record for Defendants/Counterclaim Plaintiffs:

Seth A. Goldberg, Esquire (*pro hac vice*)
Christiane Schuman Campbell (*pro hac vice*)
Joseph J. Pangaro (*pro hac vice*)
DUANE MORRIS LLP
30 South 17th Street
Philadelphia, PA 19103
sagoldberg@duanemorris.com
ccampbell@duanemorris.com
jjpangaro@duanemorris.com

Brian D. Siff
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036-4086
bdsiff@duanemorris.com

                                                        */s/ Jonathan D. Reichman*
                                                        Jonathan D. Reichman


                                                         *Attorney for Plaintiffs/*
                                                         *Counterclaim Defendants*