**DUANE MORRIS LLP**
A DELAWARE LIMITED LIABILITY PARTNERSHIP
Seth A. Goldberg, Esquire (*pro hac vice*)
Christiane Schuman Campbell (*pro hac vice*)
Joseph J. Pangaro (*pro hac vice*)
30 South 17th Street
Philadelphia, PA 19103
215.979.1000 (Phone)
215.979.1020 (Fax)
Email:  sagoldberg@duanemorris.com
            ccampbell@duanemorris.com
            jjpangaro@duanemorris.com
Evangelos Michailidis
1540 Broadway
New York, NY 10036-4086
Tel.: (212) 692-1000
Fax: (212) 692-1020
Email: emichailidis@duanemorris.com
*Attorneys for Defendants/Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| WOODSTOCK VENTURES LC and THE WOODSTOCK CANNABIS COMPANY LLC, *Plaintiffs/Counterclaim Defendants*, v. WOODSTOCK ROOTS, LLC, WOODSTOCK PRODUCTS COMPANY INTERNATIONAL, LLC d/b/a WOODSTOCK AMERICAN PRODUCTS, WOODSTOCK CANNABIS COMPANY, LLC, AXCENTRIA PHARMACEUTICALS LLC, CHET-5 BROADCASTING, LP, and, GARY CHETKOF, *Defendants/Counterclaim Plaintiffs*, | Case No. 1:18-cv-01840-RWS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS/COUNTERCLAIM PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON PLAINTIFF/COUNTERCLAIM DEFENDANTS' CLAIMS OF TRADEMARK PRIORITY UNDER ZONE OF NATURAL EXPANSION OR FIRST ACTUAL USE ASSERTED IN OPPOSITION TO PRELIMINARY INJUNCTION**

## TABLE OF CONTENTS

        **Page**

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF UNDISPUTED MATERIAL FACTS ...........................................................2

PROCEDURAL BACKGROUND........................................................................................3

LEGAL ARGUMENT........................................................................................................4

    I.    SUMMARY JUDGMENT STANDARD..................................................... 4

    II.    THE LAWFUL USE RULE PRECLUDES FEDERAL TRADEMARK PROTECTION FOR FEDERALLY UNLAWFUL CANNABIS UNDER THE ZONE OF NATURAL EXPANSION. ......................................................... 5

    III.    THE CONSTRUCTIVE FIRST USE PRIORITY RULE PRECLUDES VENTURES' CLAIM OF PRIORITY BASED ON FIRST ACTUAL USE. ......................................................................................................... 7

CONCLUSION................................................................................................................8

# TABLE OF AUTHORITIES

**Cases**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ............................................................................ 4

*Brown v. Eli Lilly & Co.*, 654 F.3d 347 (2d Cir. 2011) ...................................................................... 5

*CreAgri, Inc.*, 474 F.3d at 630 (9th Cir. 2007) ............................................................................... 6-7

*Dessert Beauty, Inc.*, 617 F. Supp. 2d 185 (S.D.N.Y. 2007), *aff'd,* 329 F. App'x
   333 (2d Cir. 2009) .................................................................................................................. 5, 7

*Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc.*, 507 F. App'x 26 (2d Cir. 2013) ........................ 4

*Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140 (2d Cir. 2008) .......................................................... 5

**Other Authorities**

15 U.S.C. § 1051 .................................................................................................................................... 6

15 U.S.C. § 1057(c) ................................................................................................................... 2, 4, 7-8

15 U.S.C. § 1127 .................................................................................................................................... 6

21 U.S.C. § 863 .................................................................................................................................. 2, 6

Pub. L. No. 115-334, 132 Stat. 4490 .................................................................................................. 8

Fed. R. Civ. P. 56(a) ............................................................................................................................. 4

Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* (5th ed.)
   (2018) ...................................................................................................................................... 6-7

Trademark Manual of Examining Procedure § 907 ..................................................................... 5-6

Defendants/Counterclaim Plaintiffs Woodstock Products, Woodstock Roots, LLC ("Roots"), Woodstock Products Company International, LLC d/b/a Woodstock American Products ("WPCI"), Woodstock Cannabis Company, LLC, Axcentria Pharmaceuticals LLC, Chet-5 Broadcasting, LP ("Chet-5") and Gary Chetkof (collectively "Woodstock Products") respectfully submit this memorandum of law in support of their motion for summary judgment on claims of trademark priority under the zone of natural expansion or first actual use asserted by Plaintiffs/Counterclaim Defendants, Woodstock Ventures LC, and the Woodstock Cannabis Company LLC (collectively "Ventures") in the opposition to preliminary injunction.

## PRELIMINARY STATEMENT

Woodstock Products owns federal trademark registrations to use a WOODSTOCK mark (the "Smokers' Articles Mark") on products known as "smokers' articles," which include, *inter alia*, rolling papers, lighters, and tobacco free electronic cigarettes for medical purposes comprised of e-liquids derived from industrial hemp and smokeless cigarette vaporizer pipes for use with either tobacco-based e-liquids or e-liquids derived from the mature stalks of industrial hemp. Woodstock Products contends that Ventures' use of a WOODSTOCK mark on federally unlawful cannabis (defined in SUMF at ¶ 9-12)[1] infringes its Smokers' Articles Mark.

Ventures asserts that it has not infringed on the Smokers' Articles Mark because it has priority to use WOODSTOCK on federally unlawful cannabis either because (i) the protection afforded to Ventures' federal trademark to use WOODSTOCK for music concerts and dramatic productions (the "Music Concerts Mark") should be expanded to include its use of

---

[1] The terms "hemp" and "federally legal cannabis" are used interchangeably herein and mean "hemp" as defined in the Agriculture Improvement Act of 2018, Pub. L. No. 115-334, § 10113, 132 Stat. 4490 (the "2018 Farm Bill"). Whereas as the term "federally unlawful cannabis" as used herein means "marijuana" as it continues to be defined in the Controlled Substances Act, 21 U.S.C. 802 ("CSA").

WOODSTOCK on federally unlawful cannabis; or (ii) Ventures' actual first use of WOODSTOCK on federally unlawful cannabis in December 2016 (accepted as true for the purposes of this Motion) precedes Woodstock Products' first use of WOODSTOCK on smokers' articles.  Both of these claims should be dismissed as a matter of law.

Ventures' theory of priority under the zone of expansion is precluded by the USPTO's lawful use requirement.  Because federal trademarks may only be issued for lawful goods and services, the USPTO will not issue a federal trademark registration for federally unlawful cannabis, which is federally prohibited under the CSA.  Ventures' assertion that the federal trademark protection afforded to its Music Concert Mark should be expanded to cover its use of WOODSTOCK on federally unlawful cannabis plainly violates the lawful use rule.

Ventures' theory of priority based on first actual use is precluded under the constructive first use priority rule.  The Smokers' Articles Mark was applied for on October 3, 2013, and thus, under Section 7(c) of the Lanham Act, Woodstock Products enjoys a constructive first use date for smokers' articles of October 3, 2013.  Because hemp is cannabis, and "tobacco free electronic cigarettes for medical purposes comprised of e-liquids derived from industrial hemp," are among the smokers' articles protected under the Smokers' Articles Mark, Ventures' claim of priority based on the assertion that it used WOODSTOCK on federally unlawful cannabis in December 2016 fails.

For these reasons, as discussed more fully below, Ventures' claims of priority under the zone of natural expansion or first actual use asserted in opposition to a preliminary injunction should be dismissed.

## STATEMENT OF UNDISPUTED MATERIAL FACTS

Woodstock Products expressly incorporates Woodstock Products' Statement of Undisputed Material Facts ("SUMF"), filed contemporaneously herewith.

**PROCEDURAL BACKGROUND**

On February 28, 2018, Ventures commenced this action against Woodstock Products, asserting claims sounding in trademark infringement. *See generally* ECF No. 1, Complaint ("Comp."). On June 11, 2018, Woodstock Products filed an Answer, Affirmative Defenses and Counterclaims, ECF No. 30 ("Ans."), asserting that Ventures' use of WOODSTOCK on cannabis infringes Woodstock Products' federally registered Smokers' Articles Mark. *See, e.g.*, Ans. at Counterclaim ¶ 8 ("it is not Defendants that have infringed on Plaintiffs rights, but Plaintiffs that have infringed on Defendants rights to use the WOODSTOCK mark on smokers' articles and related goods and services."). Thus, asserts Woodstock Products, consumers are likely to confuse Ventures as the source of smokers' articles branded with Woodstock Products' Smokers' Articles Mark. *See* Ans. at Counterclaim ¶ 68 ("Plaintiffs' use of WOODSTOCK on and in connection with cannabis and cannabis-related products and services is likely to cause confusion among consumers as to Defendants' prior and federally registered WOODSTOCK mark for smokers' articles.").

On August 28, 2018, the Court entered a Temporary Restraining Order preventing Ventures from implementing a licensing arrangement with MM Enterprises, Inc. ("MedMen"). *See* Order Granting Defendants/Counterclaim Plaintiffs' Application for a Temporary Restraining Order and Order to Show Cause for a Preliminary Injunction, ECF No. 45. On October 19, 2018, Ventures filed its Opposition to Defendants' Motion for Preliminary Injunction asserting its claims of priority by way of first actual use and zone of expansion as a basis for that opposition. As Ventures' contended:

> In December 2016 . . . Plaintiffs began offering WOODSTOCK-brand cannabis in the State of Nevada . . . Cannabis is within Plaintiffs' zone of natural expansion for at least two reasons, namely: (i) Plaintiffs have already entered the cannabis market, and (ii) the public has associated Plaintiffs' iconic WOODSTOCK festivals and brand with cannabis.

3

Plaintiffs' Opposition to Preliminary Injunction Motion, ECF No. 55, at 3, 12.

Since then, the parties have exchanged thousands of pages of documents and taken the depositions of eight party and non-party witnesses in connection with Woodstock Products' application for a Preliminary Injunction. *See* ECF No. 69, Order on Motion for Extension of Time.

## **LEGAL ARGUMENT**

The lawful use requirement precludes Ventures' claim of priority based on the assertion that its Music Concerts Mark should be expanded to afford federal trademark protection to federally unlawful cannabis. The constructive first use priority rule under Lanham Act § 7(c) precludes Ventures' claim of priority based on an actual first use date of December 2016 because Chet-5 applied for the Smokers' Articles Mark on October 3, 2013. There are no material facts in dispute as to these legal issues, so summary judgment should be granted.

**I.     SUMMARY JUDGMENT STANDARD**

Rule 56(a) of the Federal Rules of Civil Procedure provides that a claim or defense or part of a claim or defense may be the subject of summary judgment, which is appropriate "where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Fendi Adele, S.R.L. v. Ashley Reed Trading, Inc.*, 507 F. App'x 26, 29 (2d Cir. 2013) (summary judgment appropriate "where there exists no genuine issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law."). Typically, the burden of demonstrating the absence of any genuine dispute as to a material fact rests with the moving party. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

However, "[w]hen the burden of proof at trial would fall on the non-moving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an

essential element of the nonmovant's claim." *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008). The burden then shifts to the nonmoving party to present "admissible evidence sufficient to raise a genuine issue of fact." *Id.* The non-movant must do "more than simply show that there is some metaphysical doubt as to the material facts." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). "[C]onclusory allegations or unsubstantiated speculation" is therefore insufficient. *Id.*

There is no dispute as to any material facts relevant to the claims at issue in this Motion. Accordingly, summary judgment should be granted, and Ventures' claims of first actual use and zone of expansion asserted in opposition to Woodstock Products' preliminary injunction motion should be dismissed.

**II.    THE LAWFUL USE RULE PRECLUDES FEDERAL TRADEMARK PROTECTION FOR FEDERALLY UNLAWFUL CANNABIS UNDER THE ZONE OF NATURAL EXPANSION.**

To obtain a federal trademark registration with the USPTO a trademark application must cover goods and services lawfully used in commerce. *See* Trademark Manual of Examining Procedure § 907 ("TMEP") ("When the sale or transportation of any product for which registration of a trademark is sought is regulated under an Act of Congress, the [USPTO] may make appropriate inquiry as to compliance with such Act for the sole purpose of determining lawfulness of the commerce recited in the application"). The lawful use rule is violated when the applicant's application-relevant activities are a *per se* violation of federal law. *See Dessert Beauty, Inc.*, 617 F. Supp. 2d 185, 189-190 (S.D.N.Y. 2007), aff'd, 329 F. App'x 333 (2d Cir. 2009) ("unlawful use will be found where: . . . there has been a *per se* violation of a statute regulating the sale of a party's goods"); *CreAgri, Inc.*, 474 F.3d at 630, 634 (9th Cir. 2007)

(analyzing 15 U.S.C. §§ 1051(a)(1), 1127, and explaining that, per Trademark Trial and Appeal Board, "use in commerce only creates trademark rights when the use is *lawful*.").

Cannabis containing more than 0.3% tetrahydrocannabinol ("THC") remains federally unlawful under the CSA, *see* 21 U.S.C. § 863(16), and the USPTO will not issue a federal trademark registration for such federally unlawful cannabis. *See* TMEP § 907 ("[u]se of a mark in commerce must be lawful use to be the basis for federal registration of the mark […] if the record indicates that the mark or the identified goods or services are unlawful, actual lawful use in commerce is not possible"); ECF No. 55 at 8 ("the PTO will not issue federal trademark registrations covering cannabis"). Indeed, the USPTO preliminarily refused Ventures' federal trademark application to use WOODSTOCK on federally unlawful cannabis, in part under the lawful use requirement. SUMF ¶ 14.

Notwithstanding the above, Ventures primarily contends they have not infringed on the Smokers' Articles Mark because they have priority to use WOODSTOCK on federally unlawful cannabis by virtue of the "zone of natural expansion" doctrine. *See* ECF No. 55, at 12 ("[c]annabis is within Plaintiffs' zone of natural expansion for at least two reasons, namely: (i) Plaintiffs have already entered the cannabis market, and (ii) the public has associated Plaintiffs' iconic WOODSTOCK festivals and brand with cannabis."). Under that doctrine, a trademark user "should be given rights in its trademark, not only for the goods it actually sells, but for all product markets into which it might reasonably be expected to expand in the future." Thomas McCarthy, *McCarthy on Trademarks and Unfair Competition* § 24:17 (2018).

Because federally unlawful cannabis is still prohibited by federal law, the trademark protection afforded to Ventures' Music Concert Mark cannot be extended to federally unlawful cannabis by virtue of the zone of natural expansion. *See Dessert Beauty, Inc.*, 617 F. Supp. at

189-190 (a party cannot enforce a trademark "where there has been a *per se* violation of a statute regulating the sale of a party's goods"); *CreAgri, Inc.*, 474 F.3d at 630 (holding that noncompliance with Food, Drug, and Cosmetic Act's labeling requirements could not serve as basis for extending trademark protection because "only *lawful* use in commerce can give rise to trademark priority"). To hold otherwise would permit Ventures to circumvent the lawful use rule, and would confer upon Ventures federal trademark protection for a federally prohibited controlled substance in direct violation of that rule.

Accordingly, Ventures' claims of priority based on the zone of natural expansion doctrine asserted in opposition to a preliminary injunction should be dismissed.

### III. THE CONSTRUCTIVE FIRST USE PRIORITY RULE PRECLUDES VENTURES' CLAIM OF PRIORITY BASED ON FIRST ACTUAL USE.

Under the Lanham Act, for the purposes of priority, a registered mark receives a constructive first use date that stretches back to the date of application for registration:

> Contingent on the registration of a mark on the principal register provided by this chapter, the filing of the application to register such mark shall constitute constructive use of the mark, conferring a right of priority, nationwide in effect, on or in connection with the goods or services specified in the registration

15 U.S.C. § 1057(c); *see* 3 *McCarthy on Trademarks and Unfair Competition* § 20:28 (5th ed.) ("McCarthy") ("For registrations resulting from applications filed after the effective date of the Trademark Law Revision Act (November 16, 1989), the registrant is entitled under § 7(c) to a constructive use date as of the date of the application.").

Thus, Woodstock Products enjoys a constructive first use date under the Smokers' Articles Mark of October 3, 2013, the date the '199 Application was filed, for "Cigarette rolling papers; lighters for smokers," in Class 34, "Tobacco free electronic cigarettes for medical purposes comprised of e-liquids derived from the mature stalks **of industrial hemp** exclusive of any resins" in Class 5, and "Cigarette cases; smokeless cigarette vaporizer pipes for use with

7

either tobacco-based e-liquids or e-liquids derived from the mature stalks **of industrial hemp** exclusive of any resins," in Class 34.  *See* SUMF, at ¶ 5-7; 15 U.S.C. § 1057(c).

In December of 2018, President Trump signed into law the 2018 Farm Bill which, among things, removed "hemp" from the CSA, and defined "hemp," as follows:

> **The term 'hemp' means the plant Cannabis sativa L. and any part of that plant**, including the seeds thereof and all derivatives, extracts, cannabinoids, isomers, acids, salts, and salts of isomers, whether growing or not, with a delta-9 tetrahydrocannabinol ["THC"] concentration of not more than 0.3 percent on a dry weight basis.

*See* 2018 Farm Bill, Pub. L. No. 115-334, §§ 10113, 12619, 132 Stat. 4490 (emphasis added). As the law makes clear, *hemp is cannabis*.  Indeed, the only distinction between Woodstock Products' federally lawful hemp products and Ventures' federally unlawful cannabis is the percentage of THC contained therein; they are from the same plant.

Accordingly, because Woodstock Products' constructive first priority use date for Smokers' Articles, including certain hemp products, of October 3, 2013, precedes Ventures' actual first use date of December 2016 for federally unlawful cannabis (accepted as true for purposes of this motion), *see* SUMF ¶ 13, the constructive first use priority rule precludes Ventures' claim of priority based on first actual use.

## CONCLUSION

For all of the foregoing reasons, Woodstock Products respectfully requests that this Court grant its motion for summary judgment and dismiss Ventures' claims of priority based on zone of natural expansion and actual first use asserted in opposition to preliminary injunction.

                                                        Respectfully submitted,
                                                       DUANE MORRIS LLP
                                                       */s/Seth A. Goldberg*

January 11, 2019

Seth A. Goldberg (pro hac vice)
Christiane Schuman Campbell (*pro hac vice*)
Joseph J. Pangaro (*pro hac vice*)
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: +1 215 979 1000
Fax: +1 215 979 1020

Evangelos Michailidis
Andrea Christensen
1540 Broadway
New York, NY 10036-4086
Tel.: (212) 692-1000
Fax: (212) 692-1020

*Attorneys for Defendants/Counterclaim Plaintiffs*